**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRONIKI GATES, individually and on behalf of other persons similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>STARBUCKS CORP,<br><br>  Defendant,<br>_____ / | No. 09-02702 JSW<br><br>**ORDER DENYING MOTION TO REMAND** |

Now before the Court is the motion to remand filed by plaintiff Androniki Gates ("Gates"), which is set for hearing on August 28, 2009. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds that this matter is appropriate for disposition without oral argument, and the hearing set for August 28, 2009 is HEREBY VACATED. *See* Civ. L.R. 7-1(b). The Court HEREBY DENIES Gates' motion to remand.

**BACKGROUND**

On May 18, 2009, Gates filed this putative class action against Defendant Starbucks Corporation ("Starbucks") in the Superior Court of the State of California for the County of San Mateo. Gates alleges that "[w]hen Starbucks terminates employees, [it] does not pay the wages owed to them upon termination either immediately or within three days of resignation." (Compl., ¶ 1.) Rather, "Starbucks issues on regular paydays following termination paychecks for wages earned during the payroll period last completed before termination, and Starbucks issues offcycle paychecks after termination for remaining wages and vacation hours that were

1  owed to employees at the time of termination." (*Id.*)  Gates defines the putative classes whom
2  she seeks to represent as follows:

> **Final Wages Class:** All persons employed by Starbucks in California, whose employment with Starbucks ended at any time since the date one year preceding the filing of the complaint ... to whom Starbucks issued a check for wages: 1) one or more days after discharge; or 2) more than three days after resignation.
>
> **Restitution Class:** All persons employed by Starbucks in California, whose employment with Starbucks ended at any time since the date four years preceding the filing of the complaint to whom Starbucks issued a check for wages: 1) one or more days after discharge; or 2) more than three days after resignation.

(*Id.*, ¶ 9.)

On June 17, 2009, Starbucks removed the action to this Court, pursuant to the Class Action Fairness Act of 2005 ("CAFA").  The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states,

**United States District Court**
For the Northern District of California

state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100.[1]  28 U.S.C. §§ 1332(d)(2), (d)(5).  "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Thus, Starbucks bears the burden of establishing this Court's jurisdiction.  *Id.*

**B.     Gates' Motion is Denied.**

Gates moves to remand on the ground that Starbucks' allegations regarding the amount in controversy are based on speculation and assumption.  In this case, Gates has not set forth a specific amount of damages in her prayer for relief.  (*See* Compl. at 20.)  Thus, the Court must look beyond the Complaint to determine whether the suit meets the jurisdictional requirements.  Starbucks must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

When satisfying the preponderance of the evidence test for jurisdiction, the Ninth Circuit permits courts to consider "facts presented in the removal petition" and summary judgment type "evidence relevant to the amount in controversy at the time of removal.  Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citations and footnotes omitted); *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (holding that the district court properly considered plaintiff's interrogatory responses).

Gates first argues that Starbucks has overstated the class size by including all employees whose employment terminated during the class period, rather than providing the number of terminated employees whose final wages were paid late.  Starbucks responds that, notwithstanding her definition of the putative classes, Gates alleges that it has "a policy or practice of: 1) issuing on regular paydays following termination paychecks for wages earned

---

[1] In her Complaint, Plaintiff specifically alleges that there are "not less than 100 members" in each of the putative classes and "not less than 200 members" in both putative classes.  (Compl., ¶ 10(a).)

3

1  during the payroll period last completed before termination; and/or 2) issuing off cycle payroll
2  checks after termination for remaining wages and vacation hours owed to employees at the time
3  of termination." (Compl., ¶ 15; *see also id.* ¶ 16 (alleging that Starbucks "intentionally adopted
4  policies or practices incompatible with the requirements of Labor Code Sections 201 or 202").)
5  Based on these allegations, which the Court must accept as true, Starbucks argues the potential
6  class would consist of all 89,460 California employees who have been terminated since May 18,
7  2005. (Declaration of Jana Rutt in Support of Notice of Removal, ¶ 13.) Gates did not address
8  this argument on reply. Setting aside the parties' disputes about the propriety of the class
9  definition, in light of the allegations of the nature of Starbucks' alleged pattern and practice, the
10 Court finds that Starbucks' argument has merit and that its position regarding the number of
11 potential class members is not speculative.

12     The Court also rejects Gates' argument that Starbucks' calculations of the amount of
13 claimed damages is speculative. Gates alleges that she was discharged on March 31, 2009, and
14 that Starbucks did not issue her checks for unpaid wages until April 3, 2009 and April 7, 2009.
15 Gates also alleges that she is similarly situated to other members of the putative classes.
16 (Compl., ¶¶ 6-7.) Thus, based on Gates allegations, Starbucks did not pay her until three and
17 seven days after she was discharged, yet Starbucks relies on a conservative estimate of two-day
18 penalty per potential class member.

19     Further, to support its assertions regarding the amount in controversy, Starbucks submits
20 Ms. Rutt's declaration. Ms. Rutt is Starbucks' partner resources vice president and attests that,
21 in that capacity, she is familiar with and has personal knowledge of Starbucks' operations.
22 (Rutt Decl., ¶ 1.) Ms. Rutt attests that all of Starbucks' California employees are paid at least
23 the state minimum wage, which ranged from $6.75 to $8.00 during the class period[2], and that
24 store partners generally are scheduled for shifts of four hours or more. (*Id.* ¶ 13.) Thus,
25 according to Starbucks, the average daily rate of pay was at least $29.60. Starbucks then
26 extrapolates that if the average class member waited two days for their final wages, the statutory
27 penalty would amount to $59.20 per person, for total potential damages of $5,296,032.00. The

---

[2] *See* http://www.dir.ca.gov/iwc.MinimumWageHistory.htm.

4

Court concludes that Starbucks' calculations are supported by sufficient evidence and are grounded in the allegations set forth in Gates' complaint. Accordingly, the Court concludes that Starbucks has met its burden to show the requisite amount in controversy.

## CONCLUSION

For the foregoing reasons, Gates' motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE