**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRONIKI GATES,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 09-02702 JSW<br><br>**ORDER GRANTING MOTION TO CERTIFY ORDER DENYING REMAND FOR INTERLOCUTORY APPEAL** |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Certify Order Denying Remand for Interlocutory Appeal filed by Plaintiff Androniki Gates ("Gates"). Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for October 9, 2009. *See* N.D. Civ. L.R. 7-1(b). The motion is HEREBY GRANTED, and the Initial Case Management shall be heard on Friday, October 9, 2009 at 1:30 p.m., on the Court's regular case management calendar.

**ANALYSIS**

On June 17, 2009, Defendant, Starbucks Corporation ("Starbucks"), removed this action from San Mateo County Superior Court and contended that this Court had jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). On August 21, 2009, this Court denied Gates' motion to remand and concluded that, Starbucks had met its burden to show that the amount in controversy exceed $5,000,000 (the "August 21 Order"). Gates now asks the Court to certify

1  the Order denying her motion for remand for interlocutory appeal pursuant to 28 U.S.C. §
2  1292(b).  *See Sheeran v. General Elec. Co.*, 593 F.2d 93, 97 (9th Cir. 1979) ("Where a motion
3  to remand is denied, the propriety of removal is reviewable on appeal from the final judgment
4  or by interlocutory appeal if the refusal to remand is certified under 28 U.S.C. § 1292(b).").

5  Pursuant to 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an
6  otherwise non-appealable order when: (1) the order involves a controlling question of law; (2)
7  as to which there is substantial ground for a difference of opinion; and (3) an immediate appeal
8  from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. §
9  1292(b).  Certification for interlocutory appeal should be applied sparingly and only granted in
10 exceptional situations in which allowing an interlocutory appeal would avoid protracted and
11 expensive litigation.  *See, e.g., In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.
12 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

13 Starbucks does not seriously contest the first and third prongs of this test.  In light of the
14 fact that the August 21 Order involves the threshold question of subject matter jurisdiction, the
15 Court concludes that Gates has shown that the August 21 Order involves a controlling question
16 of law and that an immediate appeal would materially advance the ultimate termination of the
17 litigation.  *See In re Cement Antitrust Lit.*, 673 F.2d at 1026-27.  Starbucks does, however,
18 contend that Gates has not shown a substantial ground for difference of opinion exists.

19 "A substantial ground for difference of opinion is not established by a party's strong
20 disagreement with the court's ruling; the party seeking an appeal must make some greater
21 showing."  *Valdovinos v. McGrath*, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing
22 *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992)).  However, "[w]here 'proceedings
23 that threaten to endure for several years depend on an initial question of jurisdiction ... or the
24 like,' certification may be justified even if there is a relatively low level of uncertainty."  *APPC*
25 *Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (quoting 16 Wright, Miller & Cooper,
26 *Federal Practice & Procedure*, § 3930 at 422 (1996)).

27 The Court recognizes review under Section 1292(b) is intended to be applied sparingly.
28 However, there is dearth of precedent on this issue within this circuit.  Further, in light of the

out-of-circuit cases cited by Gates in her motion, and in light of the fact that the issue to be presented on appeal involves the question of jurisdiction, the Court concludes that Gates has shown a substantial ground for a difference of opinion exists. *See APPC Servs.*, 297 F. Supp. 2d at 107. Accordingly, the Court HEREBY GRANTS Gates' motion, and HEREBY AMENDS the August 21, 2009 Order to certify it for interlocutory appeal.

**IT IS SO ORDERED.**

Dated: October 2, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3