**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
CYNTHIA S. CHOU (SBN 246330)
GALIT A. KNOTZ (SBN 252962)
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
gknopp@akingump.com
mcuriel@akingump.com
cchou@akingump.com
gknotz@akingump.com

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANDRONIKI GATES, individually and on behalf of other persons similarly situated,

Plaintiff,

v.

STARBUCKS CORPORATION,

Defendant.

Case No. CV 09-2702 JSW EDL

**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR PROTECTION OF CONFIDENTIAL MATERIAL**

Date Action Filed: May 18, 2009

Date Removed: June 17, 2009

Plaintiff Androniki Gates, and defendant Starbucks Corporation, by and through their respective counsel, hereby enter into the following Stipulation for Protection of Confidential Information. The parties mutually request that the Court approve this Stipulation and agree that, upon entry of an order approving this Stipulation, this Stipulation and Order shall govern the handling of documents, testimony and any other information produced or disclosed in this action by any party or third party prior to trial ("Discovery Material"). As used herein, the term "Designating Party" shall mean a party or non-party that designates Discovery Material as Confidential Information, and the term "Receiving Party" shall include all parties to whom the production or disclosure of any Confidential Information is made. The term "Litigation" shall mean the above-entitled putative class action filed by Gates, notwithstanding any changes to the named representatives.

1. Any Designating Party may designate as Confidential Information any Discovery Material that it believes in good faith to contain confidential, proprietary, commercially sensitive, or personal private information protected by constitutional, statutory and/or common-law rights of privacy and/or confidentiality. A Designating Party may designate as Confidential Information material that is produced informally or in response to formal discovery in the course of the Litigation.

2. The designation of Discovery Material as Confidential Information shall be made in the following manner:

a) in the case of documents other than deposition testimony: by stamping or labeling "Confidential" each page containing any Confidential Information; or

b) in the case of deposition testimony: (i) by a statement on the record, by counsel for the Designating Party, at any time during the deposition, that any particular deposition testimony shall be treated as Confidential Information. In that event, the reporter shall separately transcribe any such portion of the testimony; or (ii) by written notice, sent by counsel to all parties within twenty-one (21) business days after receiving a copy of the deposition transcript, that any particular deposition testimony

shall be treated as Confidential Information. With respect to any depositions that take place before approval of this Stipulation by the Court, such designation shall be made no later than thirty (30) days after entry of the Order approving this Stipulation.

3. A party may challenge a designation of Discovery Material as Confidential Information by notifying the Designating Party in writing. After making a good faith effort to resolve any such challenge, either party may move, on reasonable notice, for an order vacating or upholding the designation. Discovery Material designated as Confidential Information shall be treated in accordance with that designation while any such application is pending. The provisions of this paragraph are not intended to shift the Designating Party's burden of establishing confidentiality.

4. A Designating Party that produces Confidential Information but inadvertently fails to mark an item "Confidential" may correct its failure upon discovery of the error. Such correction and notice thereof shall be made in writing, and the Designating Party shall promptly substitute copies of each item appropriately marked. After the Receiving Party receives such notice, the Receiving Party shall thereafter treat the Confidential Information in accordance with the corrected designation, but no Receiving Party shall be held responsible for any disclosures that may have been made prior to said corrective notice. Within thirty (30) days after receipt of the corrected or substitute copies, unless the Designating Party agrees otherwise, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Designating Party.

5. A party may designate Discovery Material produced by any other party, non-party and/or expert witness as Confidential Information by providing written notice to the producing party and each Receiving Party. Upon receipt of the foregoing notice, all parties shall thereafter treat the Confidential Information in accordance with that designation.

6. A Receiving Party shall use Confidential Information solely for purposes of this Litigation and for no other purpose whatsoever. It shall be the duty of each party

and each individual bound by this Stipulation and Order to take reasonable steps to ensure that Confidential Information is not made public or disclosed except as set forth herein.

7. Discovery Material designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons:

a) the Court and those employed by the Court;

b) the parties' attorneys in this Litigation, including associate attorneys within the parties' respective law firms or law departments, paralegals, secretaries or other support personnel (including copy, data entry or computer services personnel);

c) independent consultants, experts or translators, including their support personnel, who have been retained by a party or counsel for purposes of assisting in the Litigation or to serve as an expert witness in this case, provided that such persons have complied with the provisions of paragraph 8 below;

d) any currently named party including the party's respective officers, directors and employees;

e) any person who, by virtue of his or her employment with Defendant, would reasonably be expected to have been provided the Confidential Information by Defendant or to have been given access to the Confidential Information by Defendant;

f) any person with respect to his or her own personnel file material and time records only;

g) deposition witnesses, (other than anyone covered by paragraph 7(d)-(f) above) provided that such persons have complied with the provisions of paragraph 8 below;

h) court reporters and employees of court reporters engaged by counsel to record, transcribe, or videotape testimony in this Litigation;

i) such other persons as the parties may agree or may be ordered by the Court.

8. Discovery Material designated as "Confidential" may be provided to persons listed in paragraph 7(c) and (g) above provided that such person confirms his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing an Agreement to Be Bound by Protective Order in the form attached hereto as Exhibit A. The signed Agreement to Be Bound by Protective Order shall be maintained by counsel for the receiving party who seeks to disclose such Confidential Information and a copy shall be provided to the Designating Party upon agreement of the parties or order by the Court.

9. In the event that any party seeks to file with the Court a document containing or constituting Confidential Information, that party will first file the document under seal pursuant to Northern District Local Rule 79-5. If the Court refuses to uphold the confidentiality requested or accept the document as filed under seal, the document may be filed in the public record.

10. By entering into or complying with the terms of this Stipulation and Order, the parties do not:

a) admit that any Discovery Material designated by another party or third party as Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of Confidential Information;

b) waive any attorney-client, work product, or other privilege;

c) waive the right to object to disclosure or production of documents or other information they believe not subject to discovery;

d) waive the right to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

e) waive the right to seek an order from the Court to treat Confidential Information more restrictively than otherwise provided for herein or to rescind or modify the terms of this Stipulation and Order;

f) waive the right to seek a court determination whether material should be subject to the terms of this Stipulation and Order; or

g) waive the right to agree to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material.

11. If a Receiving Party receives a subpoena or other compulsory process from a non-party seeking production or other disclosure of Confidential Information, the Receiving Party shall give written and telephonic notice to counsel for the Designating Party within five (5) business days thereafter (or before the date for compliance if earlier) identifying the Confidential Information sought and enclosing a copy of the subpoena or other compulsory process, such that the Designating Party has an opportunity to enforce any rights to non-disclosure. Any Confidential Information produced to the non-party shall still be treated as Confidential by the parties to this Stipulation and Order.

12. In the event of any unauthorized disclosure of any Confidential Information, the Receiving Party shall notify the Designating Party in writing within five (5) business days of discovery of such unauthorized disclosure. The Receiving Party and the Designating Party shall thereafter cooperate and make every reasonable effort to prevent disclosure by each unauthorized person who obtained access to such Confidential Information.

13. The inadvertent production of any document or other information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege or protected from discovery as work product, and no person shall be held to have waived any rights by such inadvertent production.

14. This Stipulation and Order has no effect upon, and shall not apply to, the producing party's use of its own Confidential Information.

15. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation (including any appellate proceedings), or such longer period of time as the parties may agree, all persons having received Confidential Information shall either return such material to the Designating Party or certify in writing to the Designating Party that such documents have been destroyed. Notwithstanding the above, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and videotapes, attorney work product, and any other documents belonging to a client that counsel is obligated to retain provided that any Confidential Information in such documents shall not be used or disclosed except as permitted herein.

Dated: November 6, 2009

AKIN GUMP STRAUSS HAUER & FELD LLP

By *__/s/ Mark R. Curiel__*
Mark R. Curiel
Attorneys for Defendant
STARBUCKS CORPORATION

Dated: November 6, 2009

SPIRO MOSS LLP

By *__/s/ Gregory N. Karasik__*
Gregory N. Karasik
Attorneys for Plaintiff
ANDRONIKI GATES

IT IS SO ORDERED.

Dated: November 12, 2009

Elizabeth D. Laporte
Magistrate Judge Elizabeth D. Laporte

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ANDRONIKI GATES, individually and on behalf of other persons similarly situated,

Plaintiff,

v.

STARBUCKS CORPORATION,

Defendant.

Case No. CV 09-2702 JSW EDL

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

Date Action Filed: May 18, 2009

Date Removed: June 17, 2009

I hereby certify (i) my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation for Protection of Confidential Information approved by the Court ("Protective Order") and (ii) that I have read the Protective Order. I understand the terms of the Protective Order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the Protective Order. I understand that any violation of the terms of the Protective Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Dated: ______________________ ______________________
[signature]